IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL CERECINO, AS EXECUTOR OF THE ESTATE OF LORRETTA CERECINO and PAUL CERECINO, Plaintiffs, | : : : : : | CIVIL ACTION |
| v. | : : | |
| KIM'S GROCERY STORE, et al. Defendants. | : : | No. 11-6787 |

MEMORANDUM

**Schiller, J.**                                                                 September 19, 2012

     Lorretta Cerecino was injured when she fell outside of Defendants' store in March of 2009. She and her husband, Paul Cerecino, sued Kim's Grocery Store, where she was hurt, and Roun Doung and Kinsam Puy, the owners and operators of the grocery store. She sued for negligence and Paul sued for loss of consortium. Lorretta Cerecino died of unrelated causes shortly after she filed her lawsuit and Paul, as executor of Lorretta's estate, was substituted as the proper party. Now before the Court is Defendants' motion for summary judgment. For the reasons that follow, the Court denies the motion.

**I.        BACKGROUND**

     On March 30, 2009, Lorretta Cerecino walked from her house on 10th Street approximately a half a block to Kim's Grocery Store at 2401 South 10th Street in Philadelphia. (Defs.' Mot. for Summ. J. Ex. B [Albano Dep.] at 15-16 and Ex. D [Albano Statement].) On the date of the incident, Kim's Grocery Store, also known as Kim's Grocery and Sweet Shop, was owned and operated by Defendants Doung and Puy. (Pls.' Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. Ex. B [Doung

Dep.] at 11-12.)

Lorretta's neighbor, Kathleen Albano, watched as Lorretta tried to enter the store. (Albano Statement.) She walked up to the store, placing her feet onto a step. As she placed her foot onto the step and opened the door, "a gust of wind came and the door pushed back and she went over." (Albano Dep. at 16; *see also* Albano Statement ("The weather was windy [on March 30, 2009].").) Albano called 911 and offered assistance to Lorretta. (Albano Statement.) Lorretta was transported away from the scene by ambulance. (*Id*.)

According to Paul, Lorretta injured her right elbow as a result of the fall, and she required surgery and physical therapy. (Pls.' Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. Ex E [Paul Cerecino Dep.] at 50-51.)

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party bears the burden of persuasion at trial, it must identify evidence in the record establishing the absence of a genuine factual issue. *Nat'l State Bank v. Fed. Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992). When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable finder of fact to find for the nonmoving party at trial. *Anderson*, 477 U.S. at

248. In reviewing the record, a court must "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010) (internal quotation marks omitted). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

### III. DISCUSSION

The elements of a negligence claim under Pennsylvania law are: (1) a legal duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; (3) a causal connection between the breach and the plaintiff's injury; and (4) damages. *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). Defendants argue that they are entitled to summary judgment because the only eyewitness to the incident, Kathleen Albano, testified that the wind caused Cerecino to fall. (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. [Defs.' Mem.] at 5.) Defendants leave out a key piece of Albano's testimony, however: she stated that "[the door is] kind of loosely put. It's not really something that you have to pull or is tight. And you know, if that were – I mean, anybody can get injured again. And the problem is there's no – when you go up onto the step the door opens out so far that that point's right there. Nobody has a chance if that were to happen again." (Albano Dep. at 18; *see also id*. at 51.) Albano also believed "the door of where it's at is really unsafe." (*Id*. at 18.) She further testified that the door "is there today and stays the same." (*Id*.; *see also id*. at 56.) She also said that the day on which Lorretta was injured was "a little windy . . . but not bad." (*Id*. at 16.)

Defendants also take issue with the expert report of James Druecker, a consulting civil

engineer who inspected the location where Lorretta fell. Druecker concludes that the landing size is "substantially substandard" and that "[t]he door swings over the landing seriously and dangerously reducing the available standing space on the landing." (Defs.' Mot. for Summ. J. Ex. C [Druecker Report] at 2.) He suggests that handrails would have made the entrance safer and that a larger landing would have lessened the likelihood and impact of any falls or injuries. (*Id.* at 2-3.) He also notes several possible building code violations at Kim's Grocery Store. (*Id.*) Defendants are bothered by the report because it was conducted three years after the incident and, even assuming the accuracy of the violations Druecker found, Defendants assert that those violations fail to establish causation. (Defs.' Mem. at 6.)

      Defendants are free to argue to the jury that the wind caused Lorretta to fall and Defendants were not negligent. But based on the testimony of an eyewitness and Plaintiff's expert, a jury could reasonably conclude that: (1) it was not a terribly windy day; (2) though a gust of wind contributed to her falling, the door to Defendants' store flew open, knocking her down; (3) the landing was insufficient and led to Lorretta falling back and getting injured; and (4) the condition of the entrance at Defendants' store remains the same today as it was when the incident occurred. Thus, Defendants' argument that the mere occurrence of an accident does not give rise to an inference of negligence is a truism that is inapplicable here. Rather, a jury could find that Defendants failed to use reasonable care to protect a business invitee such as Lorretta from a dangerous door and that she was injured as a result of Defendants' failure. Additionally, Doung testified that Defendants did not alter the front steps of the store or the front door of the store. (Doung Dep. at 14-15.) Paul also testified that currently, "the entrance is exactly the same" as it was when his wife was injured. (Paul Cerecino Dep. at 59-60.) Thus, there is evidence in the record that the door and entrance appear similar to how

they looked at the time of the incident.

**IV.     CONCLUSION**

The Court finds that a genuine of issue of material fact exists as to whether the wind alone was responsible for Lorretta Cerecino's fall and subsequent injuries or whether Defendants were negligent and their negligence played a role in her injuries. Therefore, Defendants' motion for summary judgment is denied. An Order consistent with this Memorandum will be docketed separately.