

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESTATE OF LORETTA CERECINO, et al.  :   CIVIL ACTION
                                    :
v.                                  :
                                    :   NO. 11-6787
KIM'S GROCERY STORE, et al.         :

**FILED**
FEB 26 2013
MICHAEL E. KUNZ, Clerk
By____ Dep. Clerk

<u>ORDER AND OPINION</u>

JACOB P. HART                                       DATE: 2/26/13
UNITED STATES MAGISTRATE JUDGE

Plaintiffs, Paul Cerecino, as Executor of the Estate of Loretta Cerecino and Paul Cerecino, bring this negligence action against defendants Kim's Grocery Store and its owners, Roun Doung and Kinsam Puy. The action arises from Loretta Cerecino's fall on March 30, 2009, when she was entering Kim's Grocery Store and sustained a fractured elbow. Plaintiffs assert that the Defendants were negligent because the entrance to the store was dangerous, substandard and defective. Defendants have now filed a *motion in limine* seeking to preclude expert testimony regarding building code applicability and/ or alleged violations. As explained below, the motion will be granted.

I.    Factual and Procedural Background

On March 30, 2009, Loretta Cerecino fell when she was attempting to enter Kim's Grocery Store, which was owned by Roun Doung and Kinsam Puy. Mrs. Cerecino was transported to Methodist Hospital and was diagnosed with a fractured right elbow. She was admitted to the hospital on April 8, 2009 and underwent right elbow arthroplasty. Mrs. Cerecino died on May 31, 2011 unrelated to the fall at issue. Mrs. Cerecino was not deposed, but there

was a witness, Kathleen Albano, who will testify at trial. Ms. Albano is expected to testify that when Mrs. Cerecino opened the door a gust of wind blew the door, causing it to open too quickly and Mrs. Cerecino fell backward from the landing.

Plaintiffs retained a civil engineer, James C. Druecker, P.E., to perform an analysis of the store's entrance. Mr. Druecker conducted an investigation three years after the incident and prepared an expert report. In his report, Mr. Druecker indicates that the condition of the landing and lack of hand railings violated the International Building Code and the Philadelphia Building Code. Defendants contend that Kim's Grocery Store was built prior to the enactment of these codes, making them inapplicable. Plaintiffs seem to agree that the codes are not applicable as the construction predates the codes and no alterations or repairs were made which would have subjected the defendants to the code provisions. However, plaintiffs argue that Mr. Druecker mentions the code violations in his report, not as evidence of negligence per se, but as evidence of the standard of care. Plaintiffs further assert that even without mention of the building codes, Mr. Druecker's report establishes that the entrance to the store was dangerous, substandard and defective.

II. Discussion

Defendants seek to exclude plaintiffs' expert witness, Mr. Druecker, from mentioning the 1999 Philadelphia Building Code or the 2009 International Building Code. In his report, Mr. Druecker concludes that the entrance to the store created a hazard because the landing is too small, the door swings out over the landing reducing or eliminating the available landing area, and because of the the lack of a handrail. Mr. Druecker indicates that the condition of the landing and the lack of hand railings violated the International Building Code and the

Philadelphia Building Code. The date of construction is not in the report, but he notes that "[t]he existing stairway appears to be older construction." Plaintiffs seem to acknowledge that Kim's Grocery Store was constructed prior to the enactment of these codes and that there have been no modifications which would cause the codes to be applicable. Plaintiffs instead argue that Mr. Druecker's testimony regarding the codes would not be offered to establish that the code violations are negligence per se, but rather to show the appropriate standard of care.

Plaintiffs cite Meehan v. Philadelphia Electric Company, 225 A.2d 900 (Pa. 1967) to support their argument that where a particular code is not being offered to establish negligence per se but simply to allow a jury to understand a standard of care, it should be admitted. In that case, the court found that the fact that the National Electric Code was written by fire underwriters, which did not insure public utilities, did not justify the court in excluding reference to the codes as evidence on the standard of care required in insulation and maintenance of electric wires. Id. at 905. However, in Kiehner v. The School District of Pennsylvania, 712 A.2d 830 (Commw. Pa. 1998), the Commonwealth Court distinguished the court's holding in Meehan. In Kiehner, a case involving a consultant who fell down a staircase in a school, the court did not allow plaintiffs to introduce expert testimony that BOCA codes require the width of the stairway landing to be wider than they were[1]. Plaintiff argued that although the BOCA code was not applicable to the stairway at issue, the requirement was still relevant to the issue of the proper standard of care. The court in Kiehner found that "[u]nlike the installation and maintenance of electric wires involved in Meehan, however, the dimensions and conditions of the stairway landing are not matters beyond the common knowledge of the layperson." Kiehner, 712 A.2d at 833.

---

[1] The court in Kihner precluded the expert from testifying at all. In this case, no Daubert motion has been filed and we will allow Mr. Druecker to testify without reference to the codes.

3

Pursuant to Federal Rules of Evidence 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." According to Federal Rule of Evidence 403, however, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undo delay and wasting time or needlessly presenting cumulative evidence.

In this case, we find that the risk of unfair prejudice and the risk of misleading the jury caused by Mr. Druecker's testimony regarding code violations substantially outweighs any probative value of that testimony. As plaintiffs acknowledge, even without reference to the codes, Mr. Druecker can testify as to why he believes the entrance to the store and the stairway and landing were defective. We do not think that the lack of hand railing or the size of the landing compared to the swing of the door is beyond the juror's capabilities of understanding without reference to the codes. Any benefit of Mr. Druecker's reference to the specific codes would be far outweighed by the risk of unfair prejudice and the risk of misleading the jury caused by testimony regarding code violations.

For the reasons explained above, therefore, I will grant defendants' motion in limine.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

ENTERED
FEB 2 6 2013
CLERK OF COURT