IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF LORETTA CERECINO, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 11-6787 |
| KIM'S GROCERY STORE, et al. | : | |

ORDER AND OPINION

JACOB P. HART  DATE: 2/28/13
UNITED STATES MAGISTRATE JUDGE

Plaintiffs, Paul Cerecino, as Executor of the Estate of Loretta Cerecino and Paul Cerecino, bring this negligence action against defendants Kim's Grocery Store and its owners, Roun Doung and Kinsam Puy. The action arises from Lorretta Cerecino's fall on March 30, 2009, when she was entering Kim's Grocery Store and sustained a fractured elbow. Plaintiffs assert that the Defendants were negligent because the entrance to the store was dangerous, substandard and defective. Defendants have now filed a Motion to Extend Time for Filing a Motion in Limine and have attached as an exhibit a motion seeking to preclude plaintiffs' expert witness, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). As explained below, the motion will be denied.

I.  Factual and Procedural Background

On March 30, 2009, Lorretta Cerecino fell when she was attempting to enter Kim's Grocery Store, which was owned by Roun Doung and Kinsam Puy. Mrs. Cerecino was transported to Methodist Hospital and was diagnosed with a fractured right elbow. She was admitted to the hospital on April 8, 2009 and underwent right elbow arthroplasty. Mrs. Cerecino

died on May 31, 2011 unrelated to the fall at issue.  Mrs. Cerecino was not deposed, but there was a witness, Kathleen Albano, who will testify at trial.  Ms. Albano is expected to testify that when Mrs. Cerecino opened the door a gust of wind blew the door, causing it to open too quickly and Mrs. Cerecino fell backward resulting in her injury.

Plaintiffs retained a civil engineer, James C. Druecker, P.E., to perform an analysis of the store's entrance.  Mr. Druecker conducted an investigation three years after the incident and prepared an expert report opining that the entrance to the store was dangerous, substandard and defective.

Defendants filed a motion in limine seeking to preclude plaintiffs' expert witness, Mr. Druecker, from mentioning the 1999 Philadelphia Building Code or the 2009 International Building Code because the store was built prior to the enactment of the codes and no modifications have been made, which would cause the codes to apply.  This Court granted that motion on February 26, 2013.  That motion was the only motion in limine filed prior to February 15, 2013, the deadline as set forth in the scheduling order.  Jury selection is scheduled for Friday, March 1, 2013.  At the end of the business day on February 27, 2013, Defendants filed the instant motion seeking to extend the time for filing a motion in limine in order to file a Daubert motion to exclude Plaintiffs' expert from testifying all together.

II.     Discussion

Defendant now claims that "[g]iven the Court's ruling on said Motion, Defendants believe the remaining portion of plaintiff's liability expert opinion lacks foundation, is rife with

speculation and conjecture and therefore his testimony in its entirety should be precluded." They argue that they are in need of an extension because the Daubert motion was not ripe for consideration until the recent ruling on its motion in limine. However, defendants have had Mr. Druecker's expert report since June 20, 2012 and even made arguments regarding his report in August when they filed their motion for summary judgment. Furthermore, when defendants filed their motion to preclude Mr. Druecker from referencing the building codes in his testimony, they could have easily sought to completely exclude his testimony if they believed that absent reference to the codes his testimony lacked foundation. Instead, defendants sought an order allowing the testimony, but precluding reference to the codes. This court granted defendants' motion and issued the very order proposed by defendants, which allows Mr. Druecker's testimony absent reference to the building codes.

In the attached motion seeking to exclude plaintiffs' expert from testifying, defendants argue that "[t]he remaining portion of Mr. Druecker's report is based on an incorrect fact, that being that, Mr[s]. (sic) Cerecino 'was on the top step when she reached for the door and had her hand on the door when she fell.'" They argue that according to Ms. Albano's testimony, this fact is not and will not be in evidence. Once again, defendants have had Ms. Albano's deposition transcript and even referenced her testimony in their properly filed motion in limine. There was nothing preventing them from filing this motion within the time permitted by the scheduling order. Defendants are free to cross examine Mr. Druecker regarding the facts upon which his opinions are based. Granting an extention to allow a motion seeking to exclude the testimony of

plaintiffs' expert less than 24 hours before jury selection is scheduled would be unduly prejudicial to the plaintiffs. Furthermore, this court has already ruled that Mr. Druecker would be permitted to testify absent reference to the building codes and sees no reason to reconsider its ruling.

For the reasons explained above, therefore, I will deny defendants' motion seeking to extent time for filing a motion in limine pursuant to <u>Daubert</u>.

BY THE COURT:


/s/Jacob P. Hart
_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE